**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

J.S.H., a Minor Child and Sole Heir of   )
Steven Hornung, Deceased, by and         )
through her Natural Parent and Legal     )
Guardian, NELDA E. FLORES,               )
                                         )
                  Plaintiff,             )
                                         )
v.                                       )   Case No. 12-1145-MLB
                                         )
BEN E. KEITH COMPANY and                 )
HARTFORD FIRE INSURANCE                  )
COMPANY,                                 )
                                         )
                  Defendants,            )
                                         )
_____  )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel complete responses to various production requests. (Doc. 44). For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

### Background

The genesis of this case is a two-vehicle collision that killed the drivers of both vehicles. Highly summarized, Steven Hornung, father of J.S.H., was driving his pickup truck westbound on Highway US-50 near Wright, Kansas on July 9, 2010. Raul De La Torre, an employee of the Ben E. Keith Company ("Keith"), was driving a tractor-trailer eastbound on

Highway US-50 at the same time. Plaintiff alleges that Mr. De La Torre negligently drove his tractor/trailer across the center line and collided with Mr. Hornung's truck. Plaintiff contends that Keith is vicariously liable for the negligence of Mr. De La Torre and directly liable for its own negligence in failing to comply with the Federal Motor Carrier Safety Act and Regulations.

### Plaintiff's Motion to Compel (Doc. 44)

Plaintiff served defendants with a set of production requests and defendants provided responses and supplemental responses. As explained in greater detail below, plaintiff moves for an order overruling defendants' objections based on privilege and relevance and seeks production of additional documents. The issues are addressed in the order in which the parties have categorized the disputed documents.

**Daily Log Reports**

Plaintiff requested the daily log reports showing the hours Mr. De La Torre was on and off duty for the six-month period before the accident. (Production Request Nos. 3a, 5, 8, and 44). Keith produced the log reports for the one-week period prior to the accident but objected to producing log reports for the entire six month period, arguing the request was overly board as to time and scope and sought irrelevant information. Plaintiff contends that the six-month period is relevant because the daily logs may demonstrate that Mr. De La Torre was too exhausted and too tired to be driving safely.

The court agrees that the request for six months of daily log reports is overly broad, given the needs of this case and plaintiff's relevance explanation. The one-week period immediately before the accident is sufficient to show Mr. De La Torre's on-duty/off-duty status and whether he was likely exhausted on the day of the accident. Plaintiff's motion to compel a six-month period of time for Mr. De La Torre's daily log reports shall be DENIED.

**Prior Violations of Federal Motor Carrier Safety Regulations (FMCSR)**

Plaintiff served Keith with a request for production of all documents related to violations of the FMCSR or State Motor Carrier Safety Regulations by Keith or Mr. De La Torre on or before July 9, 2010. (Production Request No. 19). Keith objected that the request was overly broad as to time and scope. Notwithstanding this objection, Keith represented that it would supplement its response to "Request No. 19 for a reasonable time period."

Plaintiff asserts that no documents have been produced and moves to compel. Plaintiff suggests that a five-year period before the accident is a reasonable period of time for information concerning this discovery request. Keith opposes the motion, arguing for the first time that the information is irrelevant, inadmissible, overly broad and "not tailored to the facts in this case."

As noted above, Keith represented in its original response to the production request that it would produce documents responsive to Production Request No. 19 "for a reasonable time period." Keith is bound by this representation and the court rejects the trucking

company's assertion of new objections in its response brief. With respect to the issue of a reasonable scope of time for this request, the court concludes that two years prior to the accident is a reasonable period of time, given the nature of this case and the parties' claims and defenses. Accordingly, plaintiff's motion to compel is GRANTED IN PART and Keith shall provide documents responsive to Production Request No. 19 for the two-year period prior to the day of the accident.

**Minutes of Safety Committee Meetings**

Plaintiff requested the minutes of Keith's safety committee meetings for the three years preceding the accident and any meeting minutes concerning the accident. (Production Request No. 23). Keith objected that the request was overly board as to time and scope and again sought irrelevant information. Keith also advised plaintiff that there were no meeting minutes concerning Mr. De La Torre's accident. In response to Keith's objections, plaintiff narrowed its request and now moves to compel safety meeting minutes that discuss "tractor/trailer accidents that occurred in the course and scope of delivery."

Keith opposes the motion to compel, arguing that there are no documents responsive to the request concerning Mr. De La Torre. Keith also asserts that there are no documents concerning "substantially similar" accidents and plaintiff has failed to show the relevance of other vehicle accidents. Plaintiff did not reply to Keith's "substantially similar" argument. Under the circumstances, plaintiff has not carried her burden of persuasion; therefore, the motion to compel a more complete answer to Production Request No. 23 shall be DENIED.

**Safety Audits and Compliance Reviews**

Plaintiff requested the reports and records related to any safety audits or compliance reviews of Ben E. Keith by the Department of Transportation from January 2005 to the present. (Production Request No. 34). Keith objected to production, arguing that the request was overly broad as to time and sought irrelevant information. Notwithstanding this objection, Keith produced a one-page 2008 letter from the U.S. Department of Transportation stating that the company's motor carrier safety rating was "satisfactory."

Plaintiff moves to compel, arguing that the one page document is inadequate because it states: "[p]lease assure yourself that any specific deficiencies identified in the review report have been corrected." (Plaintiff's Motion, Doc. 14). Keith opposes the motion, arguing that plaintiff is on a "fishing expedition" and that the 2008 letter "clearly states that any deficiencies, if any, had been corrected." (Defendants' Response, Doc. 46). Plaintiff did not respond to Keith's description of the contents of the 2008 letter or arguments in opposition to the motion to compel.[1]

The briefing by both parties concerning this request for production leaves much to be desired. However, plaintiff, the party moving to compel, carries the burden of persuasion. Plaintiff has not carried her burden of persuasion; therefore, the motion to compel a more complete response to Production Request No. 34 shall be DENIED.

---

[1] Neither party provided the court with a copy of the document.

**Correspondence, Investigation Files, and Statements**

Plaintiff requested production of defendants' "investigation/accident" files, including statements related to the accident and any correspondence between defendants. (Production Request Nos. 4, 5, 7, 8 10, 12, 17, 18, 22, 42, and 47). Defendant produced documents responsive to the production requests but withheld certain documents based on the attorney client privilege. Plaintiff moves to compel the withheld documents or, at a minimum, an order requiring defendants to provide a privilege log. Defendants assert that this request is no longer an issue because defendants "have agreed to produce a privilege log and consulted with plaintiff's counsel regarding this privilege log." Plaintiff does not challenge defendants' update and explanation; accordingly, the motion to compel related to correspondence, investigation files and statements is MOOT.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART. Ben E. Keith Company shall produce the documents consistent with this opinion by **May 9, 2013.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of April 2013.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge